### NEMET v. FRIEDLAND.

1.: DEATH — ELECTRICITY — NEGLIGENCE — EVIDENCE — QUESTION FOR JURY.

In action under death act for death alleged to have occurred because of defendant's negligence in permitting electrical wiring and equipment to become out of repair and remain in a dangerous condition for a long period of time and negligent failure to have it repaired, competent evidence *held*, sufficient to carry matter of defendant's negligence to jury (3 Comp. Laws 1929, §§ 14061, 14062).

2. SAME — EVIDENCE — ELECTRICITY — INSPECTION — UNDERWRITERS' CODE.

In action under death act for alleged negligent electrocution of plaintiff's decedent, where defendant claimed wiring was in , accordance with proper practice as prescribed by fire under-writers' code, evidence that wiring and insulation were defective and that such would have been discovered by reasonable inspection which defendant failed to make *held,* competent to rebut defendant's claim (3 Comp. Laws 1929, §§ 14061, 14062).

3. TRIAL—INSTRUCTIONS—PROXIMATE CAUSE—DEATH—ELECTRICITY.

Case under death act for negligent electrocution of plaintiff's decedent *held,* to have been submitted to jury under proper instructions as to plaintiff's claim that proximate cause of death was defendant's negligence and defendant's theory that death was proximately caused by lightning (3 Comp. Laws 1929, §§ 14061, 14062).

4. SAME—ARGUMENT OF COUNSEL—APPEAL TO RACIAL PREJUDICE.

In action for negligent death of employee of Jewish business man, closing argument of plaintiff's counsel that defendant "like the Jew Shylock, was after the last pound of flesh and last drop of blood" *held,* reversible error where testimony presented no logical reason for use of such language.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 29, 1935. (Docket No. 110, Calendar No. 38,636.) Decided December 10, 1935.

Case by Julia Nemet, administratrix of the estate of Louis Nemet, deceased, against David Friedland, individually, and also doing business as Friedland Iron & Metal Company, for death of her decedent by electrocution alleged to have been caused by defendant's negligence. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*Fred L. Warner,* for plaintiff.

*Pierce & Planck,* for defendant.

Potter, C. J. Plaintiff's decedent was electrocuted September 15, 1934, and plaintiff, as administratrix of his estate, sued defendant to recover for the death of her decedent, claiming it was caused by the negligence of defendant. Suit was brought under the death act,* plaintiff's declaration alleging deceased was instantly killed by electrocution, the particular negligence complained of being that the electrical wiring and equipment used by defendant had, through defendant's negligence, become out of repair and in a dangerous condition, and had so remained for a long time. Plaintiff also counted in her declaration on defendant's negligent failure to cause his electrical equipment to be repaired.

The case was tried before a jury and plaintiff had verdict. Defendant brings the case here by appeal in the nature of writ of error, claiming there was no competent testimony defendant's negligence was the proximate cause of the death of plaintiff's decedent; plaintiff's declaration counting on defendant's knowledge of the defective wiring and insulation, an instruction by the trial court as to defendant's duty of inspection was improper and prejudicial; and failure to give defendant's requests to charge. Defendant also claimed the proof showed the insulation on the wires was proper and the wiring in conformity with the underwriters' code, and the trial court should not have permitted the jury to speculate on whether the insulation was defective or not, or whether reasonable and proper inspection would have revealed defects therein. Defendant also claims plaintiff's argument was improper and prejudicial.

There was competent testimony which if believed was sufficient to carry the question of defendant's

---

* 3 Comp. Laws 1929, §§ 14061, 14062.—Reporter.

negligence to the jury. The wiring was claimed to have been in accordance with proper practice as prescribed by the fire underwriters' code. To rebut this claim upon the part of the defendant, it was' competent for the plaintiff to introduce proof the wiring and insulation at the time of decedent's electrocution was defective; that by reason thereof plaintiff's decedent was electrocuted, and that had defendant madé, or caused to be made, reasonable and proper inspection of the wiring and insulation of his electrical equipment, he would have discovered the defective condition thereof and could have remedied it and saved decedent's life, whereas, defendant failed to inspect, to discover its defective condition, and was, therefore, guilty of negligence.

We find no error in the admissibility of testimony bearing upon these questions. The defendant's requests to charge were either given, covered, or properly denied, and we find no error in relation thereto. The charge of the trial court clearly submitted the issues to the jury, plaintiff claiming the proximate cause of decedent's death was negligence on the part of the defendant in not maintaining the electrical appliances used by plaintiff's decedent in connection with his work in a reasonably safe condition, and defendant claiming the accident came about because a bolt or charge of lightning struck a wire outside of the building and this punctured the insulation and was the proximate cause of the death of plaintiff's decedent. There was testimony tending to sustain the contentions of the respective parties. The case was closely and carefully tried, the jury passed upon and determined the facts, and the verdict should stand unless the prejudicial conduct of counsel or an erroneous ruling of the trial court commands reversal.

Defendant was a resident of the city of Lansing who had been engaged in business for some time, of Jewish nationality. Plaintiff's counsel in closing his argument to the jury said:

"I think this man, like the Jew. Shylock, was after the last pound of flesh and last drop of blood."

This argument was objected to by counsel for defendant, whereupon the court said:

"I think we had better confine ourselves to the record in the case, and the jury will disregard the last statement of counsel."

In *Cluett* v. *Rosenthal*, 100 Mich. 193 (43 Am. St. Rep. 446), a trust mortgage claimed to be fraudulent was attacked by garnishment proceedings. Upon the trial of the case, counsel for plaintiff referred to "These men of Jerusalem," and upon objection being made, said: "Take it back then. Suppose they came from Podunk instead of Jerusalem." The argument was accompanied by caricaturing the speech and gestures of Jews. The court said:

"The courts are open to aliens and citizens alike; and any attempt, by arousing the prejudice of jurors, to curtail this right, is a departure from the proper privilege of counsel, and, when carried to the extent indicated by the language quoted, is sufficient to justify a reversal of the case. It is unnecessary to cite cases decided by this court in which the privilege of counsel in arguing cases has been considered. It is enough to say that the court will not regard captious objections to arguments, and will allow something for the zeal of counsel, and will hesitate in any case to consider that counsel have intentionally transgressed the rule. But where the language is such as evinces a studied purpose to arouse the prejudice of the jury, based upon facts

not in the case, we cannot overlook it, or consider that a party against whom such effort has been made has had a fair consideration of his case at the hands of the jury."

In *Solomon* v. *Stewart*, 184 Mich. 506, 511 (Ann. Cas. 1917A, 942), where reference was made to "All the principles and the sharp practices that we call the Jew system," and in which counsel referred to the transaction as "A Jew deal," this court referred, as it had referred in *Cluett* v. *Rosenthal, supra,* to the effort to prolong the prejudicial argument, and reversed the case because of the argument of counsel.

There was no logical reason growing out of the testimony why plaintiff's counsel should use the language above quoted. Its obvious purpose was to create prejudice. We find no other error.

Judgment reversed, with costs. New trial granted.

TOY, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.