NEMET *v.* FRIEDLAND.

1. MASTER AND SERVANT—DEATH—ELECTROCUTION—NEGLIGENCE—INSPECTION—QUESTIONS FOR JURY.

In action under death act for electrocution of defendant's employee while operating an electric baler, issues of whether break in insulation could have been anticipated as reasonably likely to happen if proper supervisory inspection had been maintained and whether the cause was a magnified general electric surge or inattention to deteriorating local conditions and elements *held,* for jury (3 Comp. Laws 1929, §§ 14061, 14062).

2. TRIAL—ARGUMENT OF COUNSEL—REFERENCE TO CHILDREN IN WIDOW'S DEATH ACTION AGAINST EMPLOYER.

In action by widow, a mother of four children, arising from electrocution of her late husband in plant of his employer, reference of plaintiff's counsel in his argument to jury in denial of intimation that he had appealed to jury's sympathy that none of her four children had been brought to court room *held,* improper and not justified by any appeal made by counsel for defendant (3 Comp. Laws 1929, §§ 14061, 14062).

3. NEW TRIAL—ARGUMENT OF COUNSEL—PREJUDICE—EVIDENCE.

Reference to plaintiff widow's four children by plaintiff's counsel in argument to jury in action under death act against her late husband's employer, although improper, *held,* not sufficiently

prejudicial as to require new trial in view of widow's testimony, received without objection, that she had four children who were 3 months, 6, 9 and 10 years of age, respectively, at time of husband's death (3 Comp. Laws 1929, §§ 14061, 14062).

4. DAMAGES—DEATH—EARNING CAPACITY.

In action against late husband's employer for death by electrocution of her 40-year old husband then earning 35 cents per hour, judgment for $11,000 is affirmed.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 21, 1936. (Docket No. 126, Calendar No. 39,212.) Decided December 28, 1936. Rehearing denied March 2, 1937.

Case by Julia A. Nemet, administratrix of the estate of Louis Nemet, deceased, against David Friedland, individually and also doing business as Friedland Iron & Metal Company, for death of her decedent by electrocution caused by defendant's negligence. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Fred L. Warner,* for plaintiff.

*Pierce, Planck & Ramsey (Cummins & Cummins,* of counsel), for defendant.

WIEST, J. This is an action under the death act, 3 Comp. Laws 1929, §§ 14061, 14062. Plaintiff's decedent, while in the employ of defendant in operating an electric baler, was electrocuted. The insulation on an electric wire broke in the switch box, thereby carrying an electric current of 480 volts to and through the switch lever to the power wire of the baler, charging the baler with such voltage. Mr. Nemet was electrocuted in the morning by reason of the break during the previous night.

The issue upon whether the break and consequences could have been anticipated or discerned, as

reasonably likely to happen, if proper supervisory inspection had been maintained, was sharply contested and left to the jury under proper instructions, and we cannot affirmatively find the verdict contrary to the great weight of the evidence.

The break was evidence of some cause. Whether the cause was a magnified general electric surge or inattention to deteriorating local conditions and elements was for the jury under the evidence.

In *Nemet* v. *Friedland,* 273 Mich. 692, we reviewed a former trial of this case, stated the issues of fact and law, considered arguments of counsel, held ''there was competent testimony which if believed was sufficient to carry the question of defendant's negligence to the jury,'' and found no error, except in the argument of counsel for plaintiff. For that error we granted a new trial.

The case has been retried and again plaintiff has verdict and judgment, and defendant reviews by appeal.

The record is essentially like the former one, and the questions here presented, and there decided, command no further consideration. The former judgment was reversed because of argument of counsel for plaintiff, and we are asked to reverse the present judgment because of alleged improper argument upon the second trial by the same attorney.

We quote the argument:

''Now, there is one other thing I want to say and that is that Mr. Pierce has intimated in his statement that we have been trying to work on your sympathy. I ask you in all fairness if I have tried to work on your sympathy in this case in any way—if I have been trying to get a verdict here from sympathy. I have had none of these four children up here—''

At this point counsel for the defense interrupted the argument and asked the court to instruct the

jury that it was improper conduct on the part of counsel.

The court stated:

"I assume that the jury will recall the argument made by Mr. Pierce and will place their own construction on it and decide for themselves whether Mr. Pierce made such an imputation or not and judge Mr. Warner's remarks accordingly. You may proceed with your argument to the jury."

Counsel for plaintiff then continued his argument, stating:

"I have no intention of working on your sympathy nor are we asking a judgment on sympathy."

The remark by counsel, relative to the four children, was improper, not justified by any appeal made by counsel for defendant, and the judge should not have left it to the consideration of the jury at all.

Mrs. Nemet testified, without objection, that she had four children and that at the time of Mr. Nemet's death, the oldest was a girl of 10 years, the next a boy of 9, the next a child of 6 and a baby 3 months old, and that the children were living with her at the time of the trial. Considering the fact that such testimony was in the case we think that, while the argument was improper and the jury should have been so informed, it should not be treated sufficiently prejudicial as to command a new trial.

At the time of death Mr. Nemet was 40 years of age and earning 35 cents per hour. The verdict was for $11,000.

The judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL and TOY, JJ., concurred. SHARPE and POTTER, JJ., did not sit.