NICHOLES v LORENZ

Docket No. 55250. Argued December 12, 1974 (Calendar No. 11).—
    Decided January 27, 1976. Rehearing denied 396 Mich 976.

Mary K. Nicholes, a minor, was bitten by Ronald Lorenz's dog
    that was chained and lying in the backyard. Forrest H. Ni-
    choles, Jr., for himself and as next friend of Mary, brought an
    action against defendant under the "dog-bite" statute, MCLA
    287.351; MSA 12.544. The girl had stepped on the dog's tail. At
    trial, plaintiff called a series of witnesses who testified to
    general previous acts by defendant's dog. The jury returned a
    verdict in favor of plaintiff and his daughter and the Kent
    Circuit Court, John T. Letts, J., entered a judgment. The Court
    of Appeals, R. B. Burns, P. J., and J. W. Fitzgerald and O'Hara,
    JJ., reversed, holding that the dog's prior behavior was irrele-
    vant (Docket No. 14638). Plaintiffs appeal.

The Court of Appeals is affirmed by an equally divided court.

Justice Coleman, with Justice Williams concurring, would
    affirm the Court of Appeals. The prior good or bad behavior of
    a dog is not relevant under the present "dog-bite" statute
    which has eliminated proofs of past conduct of a dog and the
    owner's knowledge as conditions precedent to the owner's liabil-
    ity. The only facts necessary to sustain the plaintiff's case
    under the statute are that the dog bit the girl, which was
    agreed, and that the biting was "without provocation". The
    irrelevant testimony entered over defendant's objection was
    prejudicial, and the trial was not fair.

Chief Justice Kavanagh, joined by Justice Levin, wrote an

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 902.
[2, 7, 9, 11] 4 Am Jur 2d, Animals §§ 88, 95, 124.
    Validity, construction, and effect of statute eliminating scienter as
    condition of liability for injury by dog or other animal. 1 ALR
    1114, s. 142 ALR 436.
[3–5] 4 Am Jur 2d, Animals § 94 et seq.
[6, 10] 4 Am Jur 2d, Animals §§ 108, 128.
    Contributory negligence, assumption of risk, or intentional provoca-
    tion as defense to action for injury by dog. 66 ALR2d 916.
[8] 5 Am Jur 2d, Appeal and Error §§ 778, 948 et seq.

opinion for reversal. Where an action is predicated on the dog-bite statute, the owner's knowledge of the dog's vicious propensities need not be established by the plaintiff. Under the statute the owner is liable only if the dog bites without provocation. Whether or not the bite is without provocation is a question of fact to be determined by the jury based on the circumstances of each case and the propensities of the dog are relevant to that question. The issue here was whether the act of stepping on the dog's tail in fact provoked this dog to bite. Evidence of the dog's temperament is relevant to determining that issue.

49 Mich App 86; 211 NW2d 550 (1973) affirmed by an equally divided court.

DECISION OF THE COURT

1. APPEAL AND ERROR—EQUALLY DIVIDED COURT.

A decision of the Court of Appeals that testimony as to a dog's prior behavior in a suit under the "dog-bite" statute is inadmissible because it is irrelevant and may be prejudicial is affirmed by an equally divided court (MCL 287.351; MSA 12.544).

OPINION FOR AFFIRMANCE

WILLIAMS and COLEMAN, JJ.

2. ANIMALS—DOG BITE—PRIOR BEHAVIOR—STATUTES.

*The prior good or bad behavior of a dog is not relevant under the present "dog-bite" statute which has eliminated proofs of past conduct of a dog and the owner's knowledge of past conduct as conditions precedent to the owner's liability (MCL 287.351; MSA 12.544).*

3. ANIMALS—DOG-BITE STATUTE—COMMON LAW—PLEADING.

*The "dog-bite" statute and the common law can be employed in alternative counts (MCL 287.351; MSA 12.544).*

4. ANIMALS—COMMON LAW—VICIOUS NATURE.

*A common-law action for damages against an animal's owner was based on the theory that whoever keeps an animal accustomed to attack and injure mankind, with knowledge that it is so accustomed, is prima facie liable to any person attacked and injured by the animal, without any affirmative negligence or default in the securing and taking care of it; the common law requires proof that the owner or keeper of an animal knew of its vicious nature.*

5. ANIMALS—DOG BITE—STATUTES.

*To provide redress for dog-bite victims, the Legislature by statute retained the common-law remedy but in addition enacted a*

*statute which creates an almost absolute liability; under the dog-bite statute the only facts necessary to sustain a plaintiff's case are that the dog bit the plaintiff and that the biting was without provocation (MCL 287.351; MSA 12.544).*

6. ANIMALS—DOG BITE—STATUTES—PROVOCATION.

*The question for the jury, in an action under the dog-bite statute in which it was agreed that defendant's dog had bitten plaintiff's daughter, and also agreed that the girl had stepped on the dog's tail, was whether stepping on the dog under the circumstances described by witnesses constituted provocation (MCL 287.351; MSA 12.544).*

7. ANIMALS—DOG BITE—EVIDENCE—RELEVANCE—STATUTES—PREJUDICE.

*Testimony of a series of witnesses regarding general previous acts by defendant's dog, entered over defendant's objection, was irrelevant and prejudicial in an action brought under the "dog-bite" statute (MCL 287.351; MSA 12.544).*

8. TRIAL—PREJUDICIAL ERROR—PREJUDICE—REVERSAL.

*Because prejudicial error implies a conclusion that the substantial rights of a party were affected, once prejudice is found reversal is mandated.*

OPINION FOR REVERSAL

KAVANAGH, C. J., and LEVIN, J.

9. ANIMALS—DOG-BITE STATUTE—KNOWLEDGE.

*A dog owner's knowledge of a dog's temperament is not an issue when an action is brought solely under the "dog-bite" statute (MCL 287.351; MSA 12.544).*

10. ANIMALS—DOG-BITE STATUTE—DEFENSES—PROVOCATION—QUESTION OF FACT.

*The defense of provocation in an action under the "dog-bite" statute is a question of fact to be determined by the jury based on the circumstances of each case.*

11. ANIMALS—DOG-BITE STATUTE—EVIDENCE—RELEVANCE—TEMPERAMENT—PROVOCATION.

*Evidence of a dog's temperament is relevant to the issue of provocation in an action under the "dog-bite" statute (MCL 287.351; MSA 12.544).*

*James M. Catchick (Robert A. Benson,* of counsel) for plaintiffs.

*Phelps, Linsey, Strain & Worsfold, P. C.,* for defendant.

Coleman, J. *(for affirmance).* The principal issue is whether the prior good or bad behavior of a dog is relevant under the present "dog bite" statute which has eliminated proofs of past conduct of a dog and the owner's knowledge of such as conditions precedent to the owner's liability. We hold that the challenged testimony entered over defendant's objection was irrelevant and prejudicial. The Court of Appeals is affirmed.

1.

Plaintiff's daughter was bitten by defendant's dog who was chained and lying in the backyard. Defendant was away with his sons fishing at the time of the incident and his dog Wolf had been locked in the basement. Defendant's wife was at work. During their absence, someone had kicked in a plywood panel which had been nailed inside the basement window. The dog had departed by that route, but had been brought back by the son of the next door neighbor. The boy then chained Wolf to a stake in defendant's backyard. Defendant had no knowledge of this incident or the biting until he returned home two or three hours later.

In the meanwhile, four children had been playing nearby for about 20 minutes. Two or three had gone over to pet the dog. Plaintiff's daughter, Mary (then seven), also was close but did not wish to pet him, but Kim (then six) pushed her forward and she stepped down on the dog's tail. The dog reacted by biting the little girl on the nose. He made no attempt to bite or lunge at the girl who came to lead Mary away.

Prior to trial defendant informed the court that

plaintiff proposed "to put on a rather large num-
ber of witnesses from in and around the neighbor-
hood relative to the reputation or past activities of
the dog". He said "this would be totally irrelevant
to the issues in this case and should be excluded".
The court did not agree. Defendant repeated his
"objections to testimony solely for the purpose of
exciting the jury and in effect asking for punitive
damages".

Subsequently, in his opening statement plaintiff
said that he intended to call a series of witnesses
who would "testify to basically the general, previ-
ous acts of viciousness and actions toward persons
and other dogs, by the dog in question in this case,
one Wolf". He characterized the testimony as
showing that the dog "had seriously damaged and
injured other dogs as well as other children and
young people".

The witnesses who followed lived in defendant's
neighborhood. One said that Wolf, while chained
in defendant's backyard, had bitten his son's
jacket during play with a football. He had not seen
the incident nor complained to defendant. The son
said it happened four and one-half to five years
previously and that he had not informed defend-
ant. Another witness said the dog had bitten her
on the hand two or three years before when she
tried to pet him as he was chained in his own
yard. She never told defendant about the incident.
The next three witnesses said Wolf had fought
with their dogs. They also never complained to
defendant and one witness never saw the fight.
Another neighbor said she had seen Wolf running
loose on three occasions within seven years. A
next-door neighbor said Wolf had followed her to
the store and jumped on her. He then "tagged"
her home and she gave him some water. These

incidents occurred up to seven years prior to the incident in this case. Fifty-five of 152 pages of transcript were dedicated to this testimony.

Plaintiff claims that defendant is "liable under MCL 287.351 as the owner of a dog, which without provocation did bite" the daughter.

The jury returned a verdict in favor of plaintiff and his daughter. The Court of Appeals reversed, finding that "Wolf's prior behavior was irrelevant". 49 Mich App 86; 211 NW2d 550 (1973).

2.

Plaintiff's cause of action was based solely on MCLA 287.351; MSA 12.544, which reads in part:

"The owner of any dogs which shall without provocation bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness."

This was enacted by 1939 PA 73.

Dog-bite statutes date almost from statehood. 1850 PA 161 established in part that if any dog

"shall assault or bite, or otherwise injure any person while traveling the highway, or out of the enclosure of the owner or keeper of such dog, such owner or keeper shall be liable to the * * * person injured in double the amount of damages sustained, * * * and it shall not be necessary in order to sustain an action, to prove that the owner or keeper knew that such dog was accustomed to do such damage or mischief."

This statute was repealed by 1929 PA 309. Follow-

ing repeal, actions for damages were governed by "the common law liability of the owner of a dog for damages committed by it". See 1929 CL 5273 which is now found at MCLA 287.288; MSA 12.539.

Although the dog-bite statute[1] and the common law can be employed in alternative counts,[2] such is not the case before us.[3] There is only the one count.

3.

By this opinion we establish the law for subsequent cases tried under the statute. This is our first occasion to interpret 1939 PA 73 and so it is important that legislative concepts be objectively explored.

To provide redress for dog-bite victims, the Legislature by statute retained the common-law remedy but in addition enacted the statute under which this action is brought. It creates an almost absolute liability. However, the Legislature ex-

---

[1] Dog-bite legislation was held constitutional in *Fye v Chapin,* 121 Mich 675; 80 NW 797 (1899), when the Court said the "effect of this statute is to extend the common law so as to include all keepers of dogs, and to dispense with proof of the previous knowledge of their vicious character". Also *see Wojewoda v Rybarczyk,* 246 Mich 641; 225 NW 555 (1929), saying the statute "eliminates the necessity which existed at common law of averring and proving that the dog had vicious propensities * * * and the owner's knowledge thereof". (The statute involved dogs out of their own enclosures.)

[2] *See Newton v Gordon,* 72 Mich 642; 40 NW 921 (1888).

[3] A common-law action for damages against an animal's owner was based on the theory that "whoever keeps an animal accustomed to attack and injure mankind, with knowledge that it is so accustomed, is *prima facie* liable in an action on the case at the suit of any person attacked and injured by the animal, without any averment of negligence or default in the securing and taking care of it". *Brooks v Taylor,* 65 Mich 208; 31 NW 837 (1887).

The common law requires proof that the owner or keeper of an animal knew of its vicious nature. *See Knowles v Mulder,* 74 Mich 202; 41 NW 896 (1889), *Kennett v Engle,* 105 Mich 693; 63 NW 1009 (1895), *Grummel v Decker,* 294 Mich 71; 292 NW 562 (1940).

cepted the consequences which might reasonably result from provoking an animal.

In the present statute, the only facts necessary to sustain plaintiff's case are (1) that the dog bit the girl (agreed) and (2) the biting was "without provocation".

It is also agreed that the girl stepped on the dog's tail.

Defendant claims that the statute renders the neighbors' testimony irrelevant and inadmissible. Plaintiff argues that the challenged testimony discredits any contention that stepping on the dog's tail provoked him to snap.

All agree that the threshold question for the jury was whether stepping on the dog under the circumstances described by witnesses to the biting constituted provocation. Nothing else had to be proved and nothing else was relevant—not his prior gentleness or roughness nor the sensitivities of his breed.

If the testimony in question had been designed to submerge the requisite issue, it could not have been more successful. Its sole value was to inflame the emotions of the jury. The Court is constantly on guard against any process which would lead to a verdict by emotional reaction to nonprobative evidence. No matter how commendable their emotions, the jury's central duty is to find the facts necessary to the statute.

The Supreme Court of Arizona has had occasion to consider a statute similar to ours.[4] In *Litzkuhn*

---

[4] Ch 42, L '52, appearing as ARS § 24-521 to § 24-523:

"Section 1. *Liability for damages.* The owner of any dog which shall bite any person while such person is in or on a public place or lawfully in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness."

"Sec. 3. *Provocation.* Proof of provocation of the attack by the injured person shall be a complete defense to such action."

*v Clark,* 85 Ariz 355; 339 P2d 389 (1959), that Court held:

"Furthermore, under the statute the gentleness or viciousness of 'Choly' was not an issue and evidence bearing upon this matter should have been excluded."

Similarly in the Michigan statute nothing in the dog's or the owner's history has any bearing upon the facts of the present injury.[5]

The testimony of the neighbors contains no nexus to the fact to be established. The statute specifically excludes the need for such testimony. In other words, the testimony was irrelevant to a finding of liability.

### 4.

Plaintiff argues that testimony regarding a dog's prior behavior is admissible to determine damages. He cites as authority *Swift v Applebone,* 23 Mich 252 (1871). That case was brought for double damages under 1850 PA 161, *supra,* after a dog had bitten a person on a highway. Justice COOLEY said that testimony of the owner's knowledge of a dog's prior viciousness was relevant when such damages were being considered by the jury. He said in this regard:

"The jury should judge of such a case in view of all the circumstances; and as the sense of injury suffered will depend very largely upon the disposition shown by the owner of the dog to respect or disregard the rights

---

[5] In *Goldman v Century Insurance Co,* 354 Mich 528; 93 NW2d 240 (1958), the Court quoted the following from *Detroit Iron & Steel Co v Detroit Gray Iron Foundry Co,* 240 Mich 677; 216 NW 391 (1927):

"By relevancy is meant the logical relation between proposed evidence and a fact to be established." *Also see Turnbull v Richardson,* 69 Mich 400; 37 NW 499 (1888).

of others, it is proper that the jury know what that disposition has been."

The facts of that case are not in point here.

It is noted, also, that Justice COOLEY later clarified the *Swift* holding.

In *Elliott v Herz,* 29 Mich 202 (1874), plaintiff sought to recover under the statute when some of his sheep were killed by defendant's dog which had become rabid. Writing for the Court, Justice COOLEY said:

"The statute which makes the owner of a dog liable in double damages for the killing, wounding or worrying by him of domestic animals, is penal in its consequences, and cannot be supposed to have been designed for cases in which the owner was in no manner in fault. Damages in excess of the real injury are awarded in some cases because the conduct of the party has been peculiarly malicious, vindictive or reckless, but never where the injury has proceeded from his misfortune rather than from any blamable misfeasance or nonfeasance."

If the Legislature had desired to give such a remedy, "especially if it was to be punitory in its nature", Justice COOLEY concluded, it "would have been given in more distinct terms".[6]

Unlike the 1850 statute, the present "dog bite" statute does not provide for punitive damages.[7] The owner here is liable only "for such damages as may be suffered by the person bitten". Plaintiff is not required to establish the dog's character or the owner's knowledge of any reprehensible act.[8]

---

[6] *See Monroe v Rose,* 38 Mich 347 (1878) and *Bejger v Zawadzki,* 252 Mich 14; 232 NW 746 (1930).

[7] *Compare* MCLA 600.2911; MSA 27A.2911 and MCLA 750.539h; MSA 28.807(8) in which the Legislature does provide for punitive damages.

[8] In any event, the owners of the dogs in both *Elliott* and this case

The testimony is irrelevant as to compensatory damages.

## 5.

The question which next arises is whether the testimony erroneously admitted was prejudicial or harmless. Although the writer might read the challenged testimony and find in it nothing extraordinary, considering the nature of dogs in general, another could be emotionally aroused. We do not know, of course, what swayed the jury, but it is quite possible that 55 pages (out of 152) of testimony regarding Wolf's prior behavior and counsel's characterization of the testimony combined to tip the scales.

We cannot say that the testimony was harmless.

## 6.

Failure to vacate this judgment and remand for a new trial will be "inconsistent with substantial justice".[9] GCR 1963, 529.1 states:

"No error in either the admission or the exclusion of evidence * * * is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. * * * "

In *Marian v Chemical Products, Inc,* 344 Mich 551; 75 NW2d 55 (1956), the Court said it is "a

---

were unaware of the circumstances leading to the bitings. Both injuries proceeded from a "misfortune rather than from any blamable misfeasance or nonfeasance" of defendant, precluding punitive damages under any theory.

[9] *Compare Moore v Lederle Laboratories,* 392 Mich 28; 220 NW2d 400 (1974).

rare occasion" during a trial when "some evidence
does not creep into the record * * * that is not
germane to the issues involved". It is the "duty of
an appellate court to determine if the error is
prejudicial to any of the parties involved". Also see
*Leitelt Iron Works, for use and benefit of Michigan
Mutual Liability Co, v DeVries,* 369 Mich 47; 119
NW2d 101 (1963).

Certain questions by the defendant's counsel in
*Ilins v Burns,* 388 Mich 504; 201 NW2d 624 (1972),
had been considered prejudicial, but harmless, by
the Court of Appeals. In reversing, this Court
agreed that the questioning had a prejudicial ef-
fect.

"The question then arises as to whether or not the
error was harmless under GCR 1963, 529. A finding of
*prejudicial* error depends on the circumstances of each
case (3 Honigman & Hawkins, Michigan Court Rules
Annotated [2d ed], Comments, p 228); the excessiveness
or unfairness of the verdict *(Ford v Cheever,* 105 Mich
679 [1895]; *McDonald v Champion Iron & Steel Co,* 140
Mich 401 [1905]); the intent of counsel in introducing
such evidence *(Cluett v Rosenthal,* 100 Mich 193 [1894];
*Nemet v Friedland,* 273 Mich 692 [1935]); and whether
the evidence went to the substantive issues of the case
*(Burns v Kieley's Estate,* 242 Mich 668 [1928])."

Because prejudicial error "implies a conclusion
that the substantial rights of the party were af-
fected" once prejudice is found, reversal is man-
dated.

The witnesses paraded to the stand by plaintiff
offered inflammatory testimony concerning Wolf,
yet the testimony did not go to a substantive issue.
Remarks of plaintiff's counsel compounded the
prejudicial effect. The error in this case did not
"creep into the record"; it marched in with full
fanfare. Defendant's motion to exclude the testi-

mony should have been granted. The court's failure to do so was prejudicial. The trial was not fair.

The Court of Appeals is affirmed.

WILLIAMS, J., concurred with COLEMAN, J.

FITZGERALD, LINDEMER, and RYAN, JJ., took no part in the decision of this case.

KAVANAGH, C. J. *(for reversal).* We would reinstate the jury's verdict.

We agree with our colleagues that where an action is predicated on the dog bite statute, the owner's knowledge of the dog's vicious propensities need not be established by the plaintiff.

However, under the statute the owner is liable only if the dog bites without provocation. Whether or not the bite was without provocation is a question of fact and the propensities of the dog are relevant to that question.

A defendant may wish to show that the dog has a peaceful disposition to negative plaintiff's assertion that the attack was unprovoked. A dog cannot testify; evidence of his peaceful disposition, that, for example, he is friendly to strangers and ignores the pestering of children, would tend to negative a claim of unprovoked attack.

If a defendant puts the dog's disposition in evidence, directly or indirectly, rebuttal evidence may be offered. The plaintiff also may present evidence of bad character or disposition to show that the act claimed to have provoked the attack was not the cause in fact of the attack; that the dog has a bad disposition, and the jury may reasonably infer that the attack occurred because the plaintiff came within striking distance.

Plaintiff in this case was required to overcome defendant's evidence of provocation. The judge

instructed the jury that "it is for you to decide whether or not the dog was provoked".

The question of provocation is a question of fact to be determined by the jury based on the circumstances of each case. The act of stepping on a dog's tail does not invariably provoke attack. The question was whether the act here did in fact provoke this dog. The dog's temperament is relevant to determining the answer to that question.

LEVIN, J., concurred with KAVANAGH, C. J.