PALLONI v SMITH

Docket No. 89066. Submitted March 9, 1987, at Detroit. Decided
    March 22, 1988. Leave to appeal applied for.

Peggy Palloni, as next friend of her two-year-old son, Timothy
    Palloni, brought an action in Wayne Circuit Court against
    Steven Smith under the Michigan dog-bite statute for injuries
    suffered by Timothy when defendant's dog bit him as he tried
    to hug the dog. Since the only element that had been contested
    at trial was whether the dog's attack had been without provo-
    cation, the trial court, Marianne O. Battani, J., instructed the
    jury that the sole factual question was whether the attack had
    been without provocation and that plaintiff had the burden of
    proof on the question of provocation. The jury returned a
    verdict of no cause of action. Plaintiff moved for a new trial on
    the ground that the verdict was against the great weight of the
    evidence. The trial court, Patrick J. Duggan, J., acting on
    behalf of Judge Battani, granted the motion for a new trial.
    Defendant appealed by leave granted.

The Court of Appeals *held:*

An unintentional act may constitute provocation within the
    meaning of the dog-bite statute. It is the nature of the act in
    the context in which it occurs, not the intent of the act, which
    determines whether it may properly be considered to be provo-
    cation. It was thus for the jury to decide whether, in the
    context of the prior teasing of the dog by other children, the
    attempt by the boy to hug the dog could be considered to be
    sufficient provocation to relieve defendant from liability under
    the statute. The jury clearly determined that there was provo-
    cation. Since the jury could properly find the necessary provo-

REFERENCES

Am Jur 2d, Animals §§ 94-98.

Am Jur 2d, New Trial §§ 212-220.

Am Jur 2d, Trial §§ 469 *et seq.*

Modern status of rule of absolute or strict liability for dogbite. 51
    ALR4th 446.

Personal injuries inflicted by animal as within homeowner's or
    personal liability policy. 96 ALR3d 891.

Contributory negligence, assumption of risk, or intentional provoca-
    tion as defense to action for injury by dog. 66 ALR2d 916.

cation from the evidence presented, it was error for the trial court to grant the motion for a new trial on the basis that the verdict was against the great weight of the evidence.

The order for a new trial is reversed and the jury's verdict of no cause of action is reinstated.

1. New Trial — Motions and Orders.
   The granting or denial of a motion for a new trial is within the sound discretion of the trial court; however, the trial court does not have unlimited power to grant a new trial merely because it does not agree with the verdict.

2. Trial — Jury — Verdicts.
   A court may not substitute its judgment for that of the finders of fact; where there is competent evidence to support the finding of the jury, the jury's verdict should not be set aside.

3. Animals — Dog Bite — Provocation.
   An unintentional act may constitute provocation within the meaning of the Michigan dog-bite statute; since the dog-bite statute imposes liability on dog owners without regard to fault, the defense of provocation must be construed without concern for fault on the part of the person committing the provocation; the focus must be on the nature of the act committed, not upon the intent with which the act was committed, and on whether that act was sufficient to provoke the dog's attack; accordingly, it is a jury question whether under a particular set of circumstances the attempt by a minor to hug a dog constituted sufficient provocation so as to render the owner of the animal exempt from liability (MCL 287.351; MSA 12.544).

*Rifkin & Kingsley, P.C.* (by *David K. Whipple*), for plaintiff.

*Mitchell & Leon* (by *Harold B. Leon*), and *Mac-Arthur, Cheatham, Acker & Smith, P.C.* (by *James G. Gross*), of Counsel, for defendant.

Before: Cynar, P.J., and Weaver and M. H. Cherry,* JJ.

Per Curiam. Peggy Palloni, as next friend of her minor son, Timothy Palloni, brought suit against

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Steven Smith under Michigan's dog-bite statute,
MCL 287.351; MSA 12.544, as a result of events
which occurred on June 12, 1981. On that date
Timothy, who was two years old at the time, was
walking hand in hand with plaintiff from his home
to a neighbor's home, where his sister was playing
with friends. The defendant's home was four
houses from the plaintiff's and next door to the
yard in which the children were playing. While
walking, plaintiff observed the defendant's cocker
spaniel walking loose in the defendant's yard with-
out a leash and barking at the girls next door.

Plaintiff also saw one of the girls with whom her
daughter was playing teasing the dog by standing
in the defendant's driveway and stamping her feet
at the dog. Plaintiff warned the girl to move away
because the dog might bite. Eventually the girl
stepped away and the dog sat down on the grass in
the defendant's yard, near the driveway and close
to the public sidewalk. While plaintiff was talking
to her daughter, Timothy let go of plaintiff's hand,
walked over to the dog, bent down, and attempted
to hug it. Timothy had not actually touched the
dog when it bit him on the face, causing injuries
which required extensive medical care.

The trial court instructed the jury that, as no
other elements of the dog bite statute had been
contested, the sole factual issue was whether the
attack was without provocation and further in-
structed the jury that plaintiff had the burden of
proof on the question of provocation. Plaintiff's
attorney conceded that, if the jury found the at-
tempted hug to be provocative, plaintiff could re-
cover no damages. After the jury returned a ver-
dict of no cause of action, the trial judge granted
plaintiff's motion for a new trial on the ground
that the verdict was against the great weight of
the evidence. From that opinion and order the

defendant has been granted leave to appeal to this Court.

It is within the sound discretion of the trial court to grant or deny a motion for a new trial; however, a court may not substitute its judgment for that of the finders of fact, and a jury's verdict should not be set aside where there is competent evidence to support it. *Bell v Merritt,* 118 Mich App 414, 422; 325 NW2d 443 (1982), lv den 417 Mich 954 (1983). Here, we find there was competent evidence to support the jury's verdict.

This case was brought under MCL 287.352; MSA 12.544:

> The owner of any dogs which shall without provocation bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

Here, the jury clearly must have found there to have been provocation. For us to determine that there was competent evidence to sustain that finding, we must also find that a person who does not intend to provoke a dog nevertheless can do things which are sufficiently provocative to relieve a dog owner of liability under the statute.

In *Nicholes v Lorenz,* 396 Mich 53; 237 NW2d 468 (1976), reh den 396 Mich 976 (1976), the Supreme Court noted that the question for the jury, where it was agreed that the defendant's dog had bitten the plaintiff's daughter after the girl had stepped on the dog's tail, was whether that act constituted provocation under the statute. *Nicholes, supra* at 60. The Court also noted that, in enacting a statute which imposed almost absolute

liability for dog owners, "the Legislature excepted the consequences which might reasonably result from provoking an animal." *Nicholes, supra* at 59-60.

While no Michigan appellate decisions have focused expressly on the dog-bite victim's intent, the appellate courts of other jurisdictions have. The Illinois appellate court, in *Nelson v Lewis,* 36 Ill App 3d 130; 344 NE2d 268 (1976), was confronted with a dog-bite statute similar to Michigan's and held that an unintentional act can constitute provocation. In that case, the court found that a 2½-year-old girl's stepping on the tail of a normally peaceful dog was sufficient provocation to preclude recovery under the statute, despite the fact that the provocation was not intentional. *Nelson, supra* at 133. That court also emphasized that the young girl's tender age did not relieve her of the responsibility for the provoking act. *Id.*

Four years later the Illinois appellate court followed the rule it had established in the *Nelson* case. In *Stehl v Dose,* 83 Ill App 3d 440; 403 NE2d 1301 (1980), it decided that the question of provocation under the dog-bite statute must focus on whether the plaintiff's actions would be provocative to the dog. Going on, the Illinois court said: "However, whether plaintiff's conduct amounted to provocation is not clear. Reasonable men would differ and accordingly, we view this issue as one especially suited to jury determination." *Stehl, supra* at 443. Because it concluded that the evidence could support a finding either way on the issue of provocation, the court held that the verdict for the defendant did not go against the great weight of the evidence. *Id.*

A similar pattern of decisions has emerged in the Arizona appellate courts. In *Toney v Bouthillier,* 129 Ariz 402; 631 P2d 557 (Ariz App, 1981),

the Arizona Court of Appeals determined that the dog-bite statute of that state imposed liability on dog owners regardless of the owner's fault. "Consequently," the court concluded, "we believe that the corresponding statutory defense (of provocation) must be construed without reference to fault of the individual committing the provocation." *Toney, supra* at 405. As had the Illinois court, the Arizona court also found that the actions of children of tender years may be sufficient provocation under the statute.

The Arizona Court of Appeals adhered to its *Toney* decision in *James v Cox,* 130 Ariz 152, 156; 634 P2d 964 (Ariz App, 1981), when it ruled that a trial court did not err by instructing a jury that unintentional provocation is a defense under the dog-bite statute. That court cited the Michigan Supreme Court's decision in *Nicholes* and, while noting that the case did not specifically involve an unintentional provocation defense, said: "Thus, the court implied that provocation depends on whether the actions caused the animal to react rather than on the intent of the actor." *James, supra* at 156, n 4.

In the present case, the trial court erred in setting aside the jury's verdict, since there was competent evidence to support it. Although the plaintiff claims that Timothy meant only to hug the dog, an unintentional act may constitute provocation within the meaning of Michigan's dog-bite statute. Expressed differently, since that statute imposes liability on dog owners without regard to fault, the defense of provocation must be construed without concern for fault on the part of the person committing the provocation. The focus must be on the injured party's act, not on his intent, and whether that act was sufficient to provoke the

dog's attack. A provocation defense should not be precluded simply because the plaintiff did not intend to provoke the dog.

Consistent with such a conclusion, the injured party's age is not an impediment to a defense of provocation under the dog-bite statute. The actions of a child of tender years may constitute provocation under this act.

Based upon the evidence presented in this case, reasonable minds could have differed whether the defendant's dog had been provoked by Timothy. Because the evidence, based upon the legal analysis above, could have supported a finding either way on the issue of provocation, the jury's verdict was not against the great weight of the evidence.

The trial court's order for a new trial is reversed and the jury's verdict of no cause of action is reinstated.