**Laura J. GRAMS, individually, and Laura J. Grams, as Guardian on Behalf of Leah C. Grams, Appellant,**

**v.**

**HOWARD'S O.K. HARDWARE COMPANY, et al., Respondents.**

**Herbert HOWARD, d/b/a Howard's O.K. Hardware Company, Third-Party Plaintiff, Respondent,**

**v.**

**Shirley GRAMS, Third-Party Defendant, Respondent.**

**No. C8–89–985.**

Court of Appeals of Minnesota.

Oct. 17, 1989.

Review Denied Dec. 15, 1989.

William J. Krueger, Horvei, Gubbe & Krueger, Roseville, for Laura J. Grams, individually, and Laura J. Grams, as Guardian on Behalf of Leah C. Grams.

David J. Yarosh, Roger Sahr, Sahr, Kunert & Tambornino, Minneapolis, for Howard's O.K. Hardware Co., et al.

Scott R. Suter, Webster & Baldwin, St. Paul, for Herbert Howard, d/b/a Howard's O.K. Hardware Co.

James A. Jardine, Jardine, Logan & O'Brien, St. Paul, for Shirley Grams.

Heard, considered and decided by KALITOWSKI, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Instructed to determine whether a dog was stimulated or otherwise provoked before biting appellant, the trial court jury found provocation. Appellant contends that the record shows absence of provocation as a matter of law. We agree and reverse.

## FACTS

Appellant Leah Grams sued respondent Charles Howard for injuries caused to her by a dog attack in August 1983. Appellant, then twenty-two months old, and her grandmother Shirley Grams entered a hardware store in St. Paul. The owner was away on vacation and the store was tended by respondent, the owner's son. Respondent had brought his dog to the store. The dog had a painful hip condition called hip displasia. Without seeing the dog walk, even a veterinarian could not detect such a condition. Respondent had given the dog aspirin for pain that morning.

Earlier in the day, appellant and Shirley Grams had passed by the store, and with respondent's permission, appellant petted the dog while the dog was lying down. At that time the dog gave no indication of any objections to appellant's attention. Later that day, in the store, appellant petted the dog a second time after respondent granted permission to Shirley Grams. Shirley Grams testified that respondent had said that the dog would not hurt appellant, was good with children, and did not bite. Respondent did not recall giving these assurances but admitted that he might have. The dog was lying down at this time.

The dog bit appellant. Shirley Grams testified that appellant had walked up to the dog and put her arms around his neck. Grams looked away and looked back when she heard appellant screaming. She testified that she saw the dog on top of appellant. Respondent testified, "I heard the dog yelp, I turned around and I saw the dog's face up against Leah's face and there was—one of her legs was on each side of

his back, and I saw no opening between his back and her legs. There was nothing visible between them."

Appellant suffered puncture wounds on her left cheek which left two small yet permanent scars. Appellant sued respondent in negligence and under Minn.Stat. § 347.22 (1984) which creates a cause of action for dog attack victims. Her complaint requested compensation for medical bills, physical disfigurement, and pain and suffering. The complaint requested total damages of approximately $41,000.

At trial, at the close of the evidence, the trial court dismissed the negligence claim. The court then instructed the jury on Minn. Stat. § 347.22 and on the issue of provocation, a dog owner's defense under the statute. The court told the jury that, "an act of provocation is one which excites, stimulates, irritates or arouses. The act of provocation can be intentional or unintentional."

The jury found that appellant provoked the dog. They also found appellant had suffered $4910 total damages. Because of the first finding the court ordered judgment in favor of respondent and awarded him costs and disbursements.

Appellant now argues only that the decision on absolute statutory liability was incorrect.

### ISSUE

Do the circumstances permit the conclusion that appellant provoked respondent's dog?

### ANALYSIS

Minnesota's dog attack statute recognizes provocation as an owner's defense to liability. The statute reads, in part:

If a dog, without provocation, attacks or injures any person who is acting peaceably in any place where the person may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained.

Minn.Stat. § 347.22 (1988).

In *Seim v. Garavalia*, 306 N.W.2d 806 (Minn.1981) the supreme court construed section 347.22 to create absolute liability for dog owners subject only to the two defenses contained within the statute: 1) provocation and 2) failure to conduct oneself peaceably in any place where one may lawfully be. *Seim*, 306 N.W.2d at 812.

The supreme court has twice addressed the fault of the victim in the context of section 347.22. In *Seim* the court determined that absolute statutory liability does not permit dog owners to assert the defense of comparative fault. *Seim* at 812. As acknowledged in *Seim*, however, application of the statute is conditioned on the absence of a finding that the victim provoked the dog or otherwise failed to act peaceably. *Id.* There the owner left unchallenged the trial court's conclusion that a seven-year old child did not provoke a dog by petting him after the dog barked but the owner's child made assurances the dog did not bite. In *Bailey By Bailey v. Morris*, 323 N.W.2d 785 (Minn.1982), a divided court affirmed a conclusion of provocation where a child of unstated age was bitten while petting a female dog with new puppies, after being warned that the dog was nervous. Additionally, there was evidence that the dog growled when approached. The dissenters in *Bailey* argued that though the evidence showed comparative fault of the victim, this kind of conduct was found irrelevant in *Seim*. The majority distinguished negligence from provocation, concluding that fault in provocation was relevant and could be considered.

In the circumstances here, the trial court's decision would enlarge the concept of provocation established in *Bailey*. *Bailey* permits a finding of provocation for a voluntary act but suggests that inadvertent acts are not a proper basis for finding provocation. *Bailey*, 323 N.W.2d at 787 (citing *Fake v. Addicks*, 45 Minn. 37, 47 N.W. 450 (1890) (action in common law negligence)). In *Bailey* the voluntary act involved an apparent hazard of provocation, given evidence that the dog was nervous and growling.

Here, in contrast, though the owner knew the dog was in pain, that pain was

not apparent to observers. In fact, the victim was told that the dog could be safely petted. Moreover, the victim was twenty-two months old and respondent introduced no evidence that the victim appreciated any danger in approaching the dog. While evidence permits an inference that the child "stimulated" the dog by hugging or possibly sitting on it, no testimony indicates how this came about and there is no direct evidence to demonstrate that appellant's act was other than inadvertent. To find provocation here would improperly expand the application of *Bailey* and obliterate the difference between absolute statutory liability and common law liability.

## DECISION

The circumstances of this case raise no question of provocation and appellant is entitled to a judgment for the damages found by the jury.

Reversed.