BRADACS v JIACOBONE

Docket No. 215055. Submitted November 8, 2000, at Detroit. Decided January 9, 2001, at 9:00 A.M.

Stephanie Bradacs brought an action in the Oakland Circuit Court against James and Barbara Jiacobone, seeking damages for injuries sustained when the defendants' dog bit the plaintiff. The parties agree that the plaintiff did not intentionally provoke the dog. The court, Nanci J. Grant, J., instructed the jury that "provocation" under the dog-bite statute, MCL 287.351; MSA 12.544, is not limited to intentional acts but also includes unintentional acts sufficient to provoke a dog to bite. The jury returned a verdict of no cause of action and the court dismissed the action. The plaintiff's motion for judgment notwithstanding the verdict or a new trial was denied. The plaintiff appealed.

The Court of Appeals *held*:

The dog-bite statute imposes liability on an owner of a dog if the dog bites without provocation. If the person bitten provoked the dog, the owner of the dog is not liable for the damages that result. Resolution of the question whether an unintentional act can constitute provocation under the statute is not necessary to a disposition of this matter because the plaintiff's conduct in this case did not constitute provocation sufficient to relieve the defendants of liability under the statute. The reaction of the defendants' dog was not proportionate to any motion by the plaintiff, and there was insufficient evidence of provocation by the plaintiff to warrant submission of the issue to the jury. The court erred in denying the plaintiff's motion for judgment notwithstanding the verdict or a new trial. The judgment must be reversed. The plaintiff is entitled to a directed verdict with regard to the issue of provocation. The matter must be remanded for entry of that directed verdict and a new trial.

Reversed and remanded.

SAWYER, J., concurring with the majority's result but not its analysis, stated that the Court of Appeals must reach the question whether provocation under the dog-bite statute must be intentional or unintentional, and that the Legislature did not intend unintentional acts (e.g., the victim commits an unintentional act that provokes the dog), such as where the victim accidentally trips and

falls, landing on the dog, to constitute provocation under the statute.

*Kerr, Russell and Weber, P.L.C.* (by *Edward C. Cutlip, Jr.,* and *Joseph K. Grekin*), for the plaintiff.

*Michael F. Condit,* for the defendants.

Before: GRIBBS, P.J., and KELLY and SAWYER, JJ.

KELLY, J. In this dog-bite case, plaintiff, Stephanie Bradacs, appeals as of right from a judgment of no cause of action and dismissal entered on August 26, 1998. The order was entered pursuant to a jury verdict in favor of defendants, James Jiacobone and Barbara Jiacobone. On appeal, plaintiff contends that the trial court erred in its interpretation of the Michigan dog-bite statute, MCL 287.351; MSA 12.544. Specifically, plaintiff contends that provocation under the statute refers to intentional acts of provocation only, not to unintentional acts. Because we conclude that plaintiff's conduct was insufficient to constitute provocation under the dog-bite statute, we reverse and remand for a new trial.

The pertinent facts are straightforward and essentially not in dispute. On April 6, 1990, plaintiff, then twelve years old, and defendants' daughter, Julie Jiacobone, were playing in the backyard of defendants' home. At some point, Julie decided to feed the family dog, a sixty-five-pound, black Labrador retriever named Bear. She brought Bear's food outside and set it on the ground near the back door. Julie then returned to the house to get Bear some water. Plaintiff stood, juggling a football, approximately six inches from Bear as he began to eat. She then accidentally dropped the football and it fell to

the ground. It was undisputed that plaintiff did not drop the football near Bear or his food. As plaintiff bent down to retrieve the football, Bear bit plaintiff's right leg. Plaintiff was transported to the hospital by Barbara Jiacobone and Julie. Doctors used six stitches to close plaintiff's leg wound. Eventually, plaintiff's wound healed and she was able to resume her regular athletic activities, but two scars remained on her right leg.

After plaintiff turned eighteen, she filed her complaint in this matter, alleging that defendants were strictly liable for the injuries inflicted by Bear pursuant to the Michigan dog-bite statute, MCL 287.351; MSA 12.544.[1] At trial, plaintiff testified that Bear never behaved aggressively toward her before the incident in question and that he did not growl at her before he bit her.[2] The only contested issue at trial, other than damages, was provocation.[3] Defendants' position at trial was that plaintiff could not prevail under the dog-bite statute because she unintentionally

---

[1] In addition, plaintiff alleged that defendants were liable for common-law negligence because they knew Bear had a propensity to bite, but failed to restrain him. There has long existed a common-law cause of action for damages for injuries from attacks by domestic animals known by their owners or keepers to be vicious. See *Trager v Thor*, 199 Mich App 223, 227-228; 501 NW2d 251 (1993), aff'd in part, rev'd in part, and remanded 445 Mich 95; 516 NW2d 69 (1994).The dog-bite statute did not extinguish or supersede the common-law action against keepers or owners of dogs known to be vicious. *Trager, supra*, 199 Mich App 228. However, during trial, plaintiff dismissed her common-law negligence claim without explanation.

[2] Trial testimony also established that, two or three years before the incident in question, Bear bit another child in the neighborhood on the arm. Bear also bit a family member in 1989, when that person tried to untangle Bear from his chain.

[3] Provocation is apparently the only defense to an action maintained under the dog-bite statute. *Nicholes v Lorenz*, 396 Mich 53; 237 NW2d 468 (1976).

provoked Bear. Plaintiff argued that defendants could escape liability only if she intentionally provoked Bear.[4] It was plaintiff's position that unintentional acts could not constitute sufficient provocation to relieve defendants from liability under the statute.

In light of this dispute, a controversy arose over the jury instructions. The Standard Jury Instruction to be given in a case brought under the dog-bite statute, SJI2d 80.01, contained no definition of provocation.[5] Pursuant to defendants' request, and over plaintiff's objection, the trial court instructed the jury that provocation under the statute was not limited to intentional acts but also included unintentional acts.

After being instructed that provocation under the dog-bite statute included unintentional acts sufficient to provoke a dog to bite, the jury returned a verdict of no cause of action on plaintiff's statutory dog-bite claim. Subsequently, plaintiff filed a motion for judgment notwithstanding the verdict or a new trial. The trial court denied the motion, ruling that the evidence was sufficient to support the jury's finding that the dog was provoked by plaintiff, even if by an unintentional act.

On appeal, we must determine whether there was sufficient evidence of provocation in this case to

---

[4] Apparently, both parties agreed that there was no evidence of intentional provocation.

[5] SJI2d 80.01 provides as follows:

We have a state law, the Dog Owner, Liability for Injuries Statute, which provides that the owner of a dog which without provocation bites a person while such person is [*on or in a public place/lawfully on or in a private place*] is liable for such damages as may be suffered by the person bitten.

relieve defendants of liability under the Michigan dog-bite statute.

The Michigan dog-bite statute, MCL 287.351; MSA 12.544, provides in pertinent part as follows:

> If a dog bites a person, *without provocation* while the person is on public property, or lawfully on private property, including the property of the owner of the dog, the owner of the dog shall be liable for any damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness. [Emphasis supplied.]

The dog-bite statute creates an almost absolute liability. *Nicholes v Lorenz*, 396 Mich 53, 59; 237 NW2d 468 (1976). However, "the Legislature excepted the consequences which might reasonably result from provoking an animal." *Id.* at 59-60. In other words, the dog-bite statute imposes liability on an owner of a dog that bites without provocation. If the plaintiff provokes the dog, the dog owner is not liable for the damages that result. *Id.* The question then becomes, what constitutes provocation.

The trial court apparently, though tacitly, relying on *Palloni v Smith*, 167 Mich App 393; 421 NW2d 699 (1988), concluded that unintentional acts could constitute sufficient provocation under the dog-bite statute. In *Palloni*, the plaintiff's two-year-old son, Timothy, was bitten in the face by the defendant's cocker spaniel after he tried to hug the dog. The plaintiff brought suit against the defendant. The trial court instructed the jury that, because no other elements of the dog-bite statute had been contested, the sole factual issue was whether the attack was without provocation and further instructed the jury that the plaintiff had the burden of proof on the question of

provocation. *Id.* at 396. The plaintiff's attorney conceded that, if the jury found the attempted hug to be provocative, the plaintiff could recover no damages. The jury returned a verdict of no cause of action. Subsequently, the trial court granted the plaintiff's motion for a new trial on the ground that the verdict was against the great weight of the evidence. The defendant then appealed to this Court. This Court, finding that "a person who does not intend to provoke a dog nevertheless can do things which are sufficiently provocative to relieve a dog owner of liability under the statute" and that an unintentional act could constitute provocation under the dog-bite statute, concluded that there was competent evidence to support the jury's verdict and reversed the trial court's order granting the plaintiff's motion for a new trial. *Id.* Specifically, this Court opined:

> Although the plaintiff claims that Timothy meant only to hug the dog, an unintentional act may constitute provocation within the meaning of Michigan's dog-bite statute. Expressed differently, since that statute imposes liability on dog owners without regard to fault, the defense of provocation must be construed without concern for fault on the part of the person committing the provocation. The focus must be on the injured party's act, not on his intent, and whether that act was sufficient to provoke the dog's attack. A provocation defense should not be precluded simply because the plaintiff did not intend to provoke the dog. [*Id.* at 398-399.]

Any reliance on *Palloni* in this case, however, was misplaced. *Palloni* was peremptorily reversed by order of the Michigan Supreme Court. See *Palloni v*

*Smith*, 431 Mich 871; 429 NW2d 593 (1988).[6] There-
fore, it has no precedential value in this jurisdiction.
*Mitchell v General Motors Acceptance Corp*, 176 Mich
App 23, 34; 439 NW2d 261 (1989). Although the
Supreme Court's order in *Palloni* indicated only that
the Court "perceive[d] no abuse of discretion on the
part of the trial judge in determining that the verdict
in this case was contrary to the great weight of the
evidence," *Palloni, supra,* 431 Mich 871, we think it is
fair to infer from this order that the Supreme Court
disagreed with this Court's conclusion that an unin-
tentional act could constitute provocation under the
dog-bite statute. However, we acknowledge that the
question of what acts constitute provocation under
the dog-bite statute has not been settled in this state.
In any event, resolution of the question whether an
unintentional act can constitute provocation under
the dog-bite statute is not necessary to a disposition
of this matter. Assuming that an unintentional act
may constitute provocation under certain circum-
stances, we conclude that plaintiff's conduct in this
case did not constitute provocation sufficient to
relieve defendants of liability under the statute. Our
conclusion is bolstered by decisions reached in other
jurisdictions.

In *Grams v Howard's OK Hardware Co*, 446 NW2d
687 (Minn App, 1989), the Minnesota Court of
Appeals addressed the provocation issue. In that case,
Leah Grams, then twenty-two months old, was bitten
by a dog owned by Charles Howard while she was

---

[6] The Supreme Court's order in *Palloni* indicated only that the Court
"perceive[d] no abuse of discretion on the part of the trial judge in deter-
mining that the verdict in this case was contrary to the great weight of the
evidence." *Id.*

inside a hardware store owned by Howard's father. *Id.* at 688. Howard had given Leah permission to pet the dog but, when Leah put her arms around the dog's neck, the dog bit her on the face. *Id.* at 688-689. According to evidence at trial, the dog suffered from hip displasia, which may have contributed to the dog's aggression. *Id.* at 688-690. Leah's complaint was brought pursuant to Minnesota's dog-bite statute that is similar to MCL 287.351; MSA 12.544. *Grams, supra* at 689. The trial court instructed the jury that provocation under the statute could be intentional or unintentional and defined it as an act " 'which excites, stimulates, irritates or arouses.' " *Id.* The jury found that Leah provoked the dog and the trial court ordered judgment in favor of Howard. *Id.* The Minnesota Court of Appeals reversed, finding that provocation could not be found for an involuntary act. *Id.* at 689. Because Howard told Leah she could pet the dog and the dog's hip displasia was not visible, the court found that Leah's actions were unintentional. *Id.* at 690. Specifically, the court stated:

> While evidence permits an inference that the child "stimulated" the dog by hugging or possibly sitting on it, no testimony indicates how this came about and there is no direct evidence to demonstrate that appellant's act was other than inadvertent. [*Id.*]

Under the reasoning in *Grams*, plaintiff's act of picking up the ball, which was not directed at Bear or in his direction, would not amount to provocation within the meaning of MCL 287.351; MSA 12.544.

In *Kirkham v Will*, 311 Ill App 3d 787; 724 NE2d 1062 (2000), the plaintiff, Mary Kirkham, walked onto a driveway shared by the defendants, Ron Will and

Jody Will, and their neighbor, Jody Will's mother, Eve-
lyn Having. *Id.* at 788. Kirkham was going to Having's
property to pick up some asparagus for Having's
other daughter, who had instructed Kirkham that the
asparagus would be inside Having's gas grill and that
she should take the vegetables and replace them with
a $10 bill. *Id.* at 789. Evelyn Having knew Kirkham
was coming and that Kirkham had used the driveway
in the past, with knowledge of the Wills, to access
Having's home. *Id.* at 789. As Kirkham walked up the
driveway, the Wills' dog attacked her. Kirkham sued
pursuant to the Illinois Animal Control Act, 510 ILCS
5/16, which contains a provision nearly identical to
MCL 287.351; MSA 12.544. *Kirkham, supra* at 788.
The trial court initially entered summary judgment in
favor of the Wills and the Illinois Court of Appeals ini-
tially reversed and remanded for further proceedings.
*Id.* at 790. A trial was then held and the jury returned
a verdict in favor of the Wills. *Id.* At issue on appeal
after the trial on remand was the trial court's refusal
to use a pattern jury instruction that provided that an
animal owner was liable for injuries sustained from
an attack if the person was lawfully on the property
and " '[unless that person knew of the presence of an
animal and did something a reasonable person should
have known would be likely to provoke an animal to
attack or injure him] . . . .' " *Id.* at 790, quoting IPI
Civil 3d, No 110.04. The trial court refused to give the
latter part of the instruction because it was not an
accurate statement of the law. *Kirkham, supra* at
790. After reviewing the state's case law, the Illinois
Court of Appeals agreed. *Id.* at 791. Specifically, the
court held that "it is not the view of the person pro-
voking the dog that must be considered, but rather it

is the reasonableness of the dog's response to the action in question that actually determines whether provocation exists." *Id.* Thus, in reviewing Illinois case law, the court noted that unintentional acts that resulted in a proportional response from the dog could constitute provocation to preclude liability of the defendants. *Id.* Thus, where a toddler fell on a dog that was chewing a bone, the dog's reaction of scratching the toddler's eye was not vicious or out of proportion. *Id.*, citing *Nelson v Lewis*, 36 Ill App 3d 130; 344 NE2d 268 (1976). However, when a defendant's dog bit and scratched a child's face and neck when the child screamed in response to barking by the dog, the court concluded that no provocation existed because the dog's reaction was out of proportion to the scream. *Kirkham, supra* at 792, citing *Robinson v Meadows*, 203 Ill App 3d 706; 561 NE2d 111 (1990), lv den 135 Ill 2d 566 (1990).

Further, where a dog bit a child on the face after the child verbally greeted and then petted the dog for thirty seconds, there was no provocation because the dog's reaction was not proportional to the unintentional acts and no reasonable dog would have been so provoked. *Kirkham, supra* at 792-793, citing *Smith v Pitchford*, 219 Ill App 3d 152; 579 NE2d 24 (1991), lv den 142 Ill 2d 665 (1991). Thus, under Illinois case law, provocation depends on the perspective of the animal and focuses "on how an average dog, neither unusually aggressive nor unusually docile, would react to an alleged act of provocation." *Kirkham, supra* at 794. During deliberations, the jury in *Kirkham* requested a definition of provoke and the trial court replied that provocation means "any action or activity, whether intentional or unintentional, which

would be reasonably expected to cause a normal dog in similar circumstances to react in a manner similar to that shown by the evidence." *Id.* at 794. The Illinois Court of Appeals found that to be accurate in light of the above case law. *Id.*

Under the Illinois theory of provocation, we conclude that, in this case, plaintiff's actions did not amount to provocation pursuant to MCL 287.351; MSA 12.544. While Bear may have perceived plaintiff's movements within the zone of his food to be threatening, his reaction was unusually aggressive under the facts of this case. According to her testimony, plaintiff stood six inches to the right of Bear and dropped the football one foot to her right. Thus, the ball hit the ground some distance away from Bear and did not come in contact with the dog or its food. Further, even though Bear may have been startled by the ball dropping to the ground near him, he bit plaintiff when she stooped to retrieve the football. No evidence suggested plaintiff made any sudden movements or hand gestures that may have taunted the dog. Thus, we conclude that, even though plaintiff picked up the ball within approximately two feet of Bear's food, his reaction of biting plaintiff's knee was out of proportion to any motion by plaintiff.

In *Stroop v Day*, 271 Mont 314; 896 P2d 439 (1995), Hughie Stroop and James Day were having a conversation while Stroop was standing in an alley and Day was standing in his own yard. *Id.* at 316. The two were divided by a forty-eight-inch-high picket fence. *Id.* During the conversation, Stroop "rested his arms on the top horizontal cross-board and extended his hands and forearms into the Days' property." *Id.* When Stroop did so, the Days' dog lunged at him and

Stroop pulled away but, when Stroop again extended his hands into the property, the dog jumped up and bit his right hand. *Id.* Stroop filed a claim pursuant to a Montana dog-bite statute similar to MCL 287.351; MSA 12.544, and the jury found in favor of the Days. *Stroop, supra* at 316-317. However, the trial court granted Stroop's motion for a new trial. *Id.* The Days asserted that Stroop provoked the dog by chasing it with a steel fence post some weeks before the biting incident and by twice extending his arms over the fence. *Id.* at 317-318. The Days contended that a dictionary definition of the word provocation would include Stroop's actions. In contrast, Stroop argued that the acts alleged by the defendants were legally insufficient to amount to provocation. *Id.* at 318. The Montana Supreme Court affirmed the trial court's grant of a new trial and concluded that the issue of provocation should be addressed case by case. *Id.* at 318, 320. Specifically, the court stated:

> Clearly not every occurrence that stimulates a dog to bite an individual should be a defense under [the statute]. Conversely, provocation should not be required to rise to the level of intentional torture to be a valid defense. [*Id.* at 318.]

The court also cited with approval the following language from the Illinois Court of Appeals in *Robinson*:

> "As commonly understood, provocation means an act or process of provoking, stimulation or excitement. . . . These definitions are so expansive, however, that, if taken literally, [the statute] could be interpreted to mean that provocation exists whenever any external stimulus has precipitated the attack or injury by an animal, i.e., whenever the animal's actions are not completely spontaneous. . . . [W]e believe that so literal an interpretation would render the statute largely meaningless, and yield unjust and absurd

results." [*Id.* at 319, quoting *Robinson, supra,* 203 Ill App 3d 710.]

The Court also agreed with the Illinois Court of Appeals that "provocation may include unintentional acts, provided that the attack that followed was not grossly out of proportion to the act of provocation." *Stroop, supra* at 319, citing *Wade v Rich,* 249 Ill App 3d 581; 618 NE2d 1314 (1993). Thus, Stroop's chasing the dog approximately four to six weeks before was not provocation and neither was the extension of Stroop's hands over the fence because "[t]here was no testimony that Stroop thrust his hands toward the dog or made any quick or threatening gestures." *Stroop, supra* at 319. Further, the court stated that "[c]onduct such as Stroop resting his arms on the fence and allowing his hands and forearms to dangle over the Days' property cannot be considered provocation under any reasonable interpretation of that term." *Id.*

Interpreting the word "provocation" contained in the Michigan dog-bite statute to include any "external stimulus" by the victim would render MCL 287.351; MSA 12.544 meaningless and would be contrary to the strict liability nature of the statute. Further, defendants' liability should not be removed simply because plaintiff merely bent over to pick up an object, especially when there was no evidence of any quick or threatening gestures. Bear's response was out of proportion to plaintiff's action. Additionally, plaintiff had no warning of the risk because Bear did not growl or show any signs of aggression when plaintiff initially dropped the ball. Therefore, plaintiff was even less aware of a risk than was the plaintiff in *Stroop, supra.* Thus, even if we were to adopt a definition of

provocation that included unintentional acts, we would still conclude that plaintiff's act could not reasonably be considered provocation. Even in jurisdictions that hold that unintentional acts can constitute provocation, there must be some action directed toward the animal or, if not, the animal's response must be proportional to the victim's action. In this case, plaintiff's actions did not amount to provocation under those definitions.

There was insufficient evidence of provocation by plaintiff to submit this issue to the jury and, therefore, the trial court erred in denying plaintiff's motion for judgment notwithstanding the verdict. *Attard v Citizens Ins Co of America*, 237 Mich App 311, 321; 602 NW2d 633 (1999). For the same reasons, the jury's verdict was against the great weight of the evidence and plaintiff's motion for a new trial should similarly have been granted. The evidence against a finding of provocation preponderated heavily against the verdict, and the verdict should not have been allowed to stand. *In re Ayres*, 239 Mich App 8, 23; 608 NW2d 132 (1999).

Because we conclude that the trial court erred in denying plaintiff's motion for judgment notwithstanding the verdict or a new trial, we need not address plaintiff's claim of instructional error.

We reverse, direct a verdict for plaintiff on the issue of provocation, and remand this matter to the trial court for a new trial. We do not retain jurisdiction.

GRIBBS, P.J., concurred.

SAWYER, J. (*concurring*). I concur in the result reached by the majority, but write separately because I do not agree with its analysis.

I believe that we must reach the question whether the provocation under the dog-bite statute, MCL 287.351; MSA 12.544, must be intentional or unintentional. In my view, there are three potential variations: (1) the victim intentionally provoked the dog (e.g., he kicked the dog), (2) the victim intentionally did an act that unintentionally provoked the dog (e.g., he intentionally petted the dog, not believing that the dog would take exception to being petted), and (3) the victim committed an unintentional act that provoked the dog (e.g., the victim accidentally tripped and fell, landing on the dog).

All would agree that the first category comes within the statute. We need not address the second category because this case falls within the third category. I do not believe that the Legislature intended the third category (unintentional acts) to constitute provocation. Therefore, I agree with the majority that the decision of the trial court should be reversed.