BRANS v EXTROM

Docket No. 251934. Submitted March 8, 2005, at Detroit. Decided May 3, 2005, at 9:15 a.m. Leave to appeal sought.

Kathleen Brans and Fred Brans brought an action in the Livingston Circuit Court, Daniel J. Burress, J., against John Extrom and Barbara Extrom, seeking damages for a dog-bite injury to Kathleen Brans by a dog owned by the Extroms, which injury occurred when she inadvertently stepped on the dog. The Michigan dog-bite statute, MCL 287.351(1), provides for owners' liability for unprovoked dog bites. The court instructed the jury that provocation includes both intentional and unintentional acts. The jury determined that, with regard to the statute, the dog had been provoked. The plaintiffs appealed, claiming that the judge wrongly instructed the jury that an unintentional act can constitute provocation under the dog-bite statute.

The Court of Appeals *held*:

Unintentional acts may be sufficiently provocative to relieve a dog owner of liability under the dog-bite statute; the question of provocation is a question of fact. In MCL 287.321(1)(d), the Legislature differentiated between an intentional act and an unintentional act relating to provocation of a dangerous animal. Because the Legislature did not make that distinction in the dog-bite statute, MCL 287.351(1), an unintentional act can constitute provocation under the dog-bite statute.

Affirmed.

ANIMALS — DOG-BITE — PROVOCATION — UNINTENTIONAL ACTS.

Unintentional acts may be sufficiently provocative to relieve a dog owner of liability under the dog-bite statute; the question of provocation is a question of fact to be determined under the circumstances of a given case (MCL 287.351[1]).

*Miller and Shensky* (by *Katherine Wainright Shensky*) for the plaintiffs.

*Gross, Nemeth & Silverman, P.L.C.* (by *Mary T. Nemeth*), for the defendants.

Before: WILDER, P.J., and FITZGERALD and KELLY, JJ.

PER CURIAM. In this dog-bite case, plaintiffs Kathleen Brans and Fred Brans, husband and wife, appeal as of right an order of dismissal entered pursuant to a jury verdict in favor of defendants. We affirm.

Plaintiff Fred Brans and defendant Barbara Extrom are siblings. On September 17, 2000, plaintiffs visited defendants' home to assist them in readying their yard for a wedding. Plaintiff Kathleen Brans and defendant John Extrom removed a section of chicken wire that was covering a dog kennel and were carrying it out of the kennel, with John walking forward and Kathleen walking backward. As Kathleen stepped back, she stepped on defendants' elderly Australian Shepherd, Pepe.[1] Pepe yelped and bit Kathleen on her leg.

Plaintiffs filed an amended complaint against defendants, alleging liability pursuant to the Michigan dog-bite statute, MCL 287.351, or, in the alternative, common-law negligence. Before trial, defendants requested that the trial court instruct the jury that provocation can be either intentional or unintentional.[2] Defendants' position was that plaintiffs could not prevail under the dog-bite statute because Kathleen

---

[1] Two witnesses testified that they heard the dog yelp before Kathleen was bitten, and Kathleen admitted that she told several people that she stepped on the dog.

[2] The standard jury instruction to be given in a case brought under the dog-bite statute contains no definition of provocation. It provides as follows:

We have a state law, the Dog Owner, Liability for Injuries Statute, which provides that the owner of a dog which without provocation bites a person while such person is [ *on or in a public place/lawfully on or in a private place* ] is liable for such damages as may be suffered by the person bitten. [M Civ JI 80.01.]

unintentionally provoked Pepe.[3] Plaintiffs' position was that defendants could escape liability only if Kathleen intentionally provoked Pepe, and that unintentional acts could not constitute sufficient provocation to relieve defendants from liability under the statute. Upon defendants' request, and over plaintiffs' objection, the trial court instructed the jury that provocation under the dog-bite statute included both intentional and unintentional acts.[4] With regard to the statutory claim, the jury found that the biting was with provocation. With regard to the common-law claim, the jury found that defendants knew or should have known of the dog's abnormally dangerous propensities, but that the harm to Kathleen did not result from the abnormally dangerous propensities of the dog.

The question in this case is whether the trial court erred by instructing the jury that an unintentional act can constitute provocation under the dog-bite statute. The Michigan dog-bite statute, MCL 287.351(1), provides in pertinent part:

> If a dog bites a person, without provocation while the person is on public property, or lawfully on private property, including the property of the owner of the dog, the owner of the dog shall be liable for any damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness.

This Court reviews de novo matters of statutory interpretation. The primary goal of judicial interpretation is to ascertain and effectuate the intent behind

---

[3] It appears to be undisputed that Kathleen did not intentionally step on Pepe.

[4] The trial court instructed the jury that "[p]rovocation means any action or activity, whether intentional or unintentional, which would reasonably be expected to cause a normal dog in similar circumstances to react in a manner similar to that shown by the evidence."

the statutory provision. If the plain and ordinary meaning of the language is clear, judicial construction of the statutory provision is not permitted. Judicial construction is appropriate only if reasonable minds can differ regarding the meaning of the statute. *Livonia Hotel, LLC v City of Livonia,* 259 Mich App 116, 130-131; 673 NW2d 763 (2003).

The term "provocation" is not defined in the dog-bite statute. If the statute does not define a term, it is appropriate to consult a dictionary for definitions of statutory terms. *Peters v Gunnell, Inc,* 253 Mich App 211, 220; 655 NW2d 582 (2002). Black's Law Dictionary (4th ed) defines "provocation" as "[t]he act of inciting another to do a particular deed. That which arouses, moves, calls forth, causes, or occasions." The definition of "provocation" does not take into account the intent of the actor; rather, the definition focuses on the nature of the act itself and the relationship between that act and an outcome. Thus, an unintentional act could constitute provocation within the plain meaning of the statute because some actions, regardless of intent, may be more than sufficient to relieve a dog owner of liability. Had the Legislature intended only an intentional act to bar recovery it could have so specified. See, e.g., MCL 287.321(1)(d) (for the purposes of the dangerous animal statute, " '[p]rovoke' means to perform a willful act or omission that an ordinary and reasonable person would conclude is likely to precipitate the bite or attack by an ordinary dog or animal"). Instead, it imposed liability on an owner of a dog who would attack or injure someone without provocation. The intent of the victim is immaterial.

Our conclusion that the intent of the victim of a dog bite is irrelevant is supported by our Supreme Court's

decision in *Nicholes v Lorenz,* 396 Mich 53; 237 NW2d 468 (1976). In *Nicholes*, a six-year-old child was pushed by another child and accidentally stepped on a dog's tail. The dog reacted by biting the child on the nose. The Supreme Court noted that statutory liability required a determination whether stepping on the dog under the circumstances constituted provocation. The issue in *Nicholes* was whether the prior good or bad behavior of a dog is relevant under the dog-bite statute. Although the Court did not address whether the intent of the child had any bearing under the statute, the Court's analysis appears to indicate that it does not. By affirming this Court's remand for a new trial, the Court implied that provocation is a matter of whether particular actions are likely to cause a dog to react by biting and to disregard whether the actor intended to perform the act.

We recognize that a panel of this Court stated in obiter dictum in *Bradacs v Jiacobone,* 244 Mich App 263, 269; 625 NW2d 108 (2001):

> [W]e think it is fair to infer from this order [in *Palloni v Smith,* 431 Mich 871 (1989)] that the Supreme Court disagreed with this Court's conclusion that an unintentional act could constitute provocation under the dog-bite statute.[5]

---

[5] In *Bradacs*, the twelve-year-old plaintiff was juggling a football close to where the defendants' dog was eating. She accidentally dropped the ball and the dog bit her on the leg when she bent down to retrieve it. The question at trial was whether the plaintiff's actions provoked the dog. The trial court instructed the jury that provocation under the dog-bite statute could include unintentional acts and the jury returned a verdict of no cause of action. *Id.* at 266. This Court declined to decide the issue whether the trial court's instruction was erroneous, holding that, even if an unintentional act may constitute sufficient provocation, the plaintiff's conduct in that case did not constitute provocation sufficient to relieve the defendants of liability under the statute. *Id.* at 269, 276.

However, the Supreme Court's order in *Palloni* indicated only that the Court "perceive[d] no abuse of discretion on the part of the trial judge in determining the verdict in this case was against the great weight of the evidence." *Palloni, supra.* The question in *Palloni* was whether the jury's finding that the act did not provoke the dog was against the great weight of the evidence. It is just as fair to infer that the Supreme Court agreed with the general proposition that an unintentional act can constitute provocation, but concluded that the act in that case—a child's attempt to hug a dog—was not sufficiently provocative in light of the evidence presented at trial.

In sum, we conclude that a person can commit unintentional acts that are sufficiently provocative to relieve a dog owner of liability under the dog-bite statute.[6] Accordingly, the trial court did not err by instructing the jury that provocation includes both intentional and unintentional acts.[7] The question of

[6] Courts in other jurisdictions with statutes similar to Michigan's dog-bite statute have held that provocation can include an unintentional act. See, e.g., *Nelson v Lewis,* 36 Ill App 3d 130; 344 NE2d 268 (1976); *Toney v Bouthillier,* 129 Ariz 402; 631 P2d 557 (1981).

[7] Plaintiffs also assert that the court's erroneous instruction on the definition of "provocation" resulted in an inconsistent verdict on the common-law claim. We need not address this argument in light of our determination that the trial court's instruction on provocation was proper. Nonetheless, we find no merit in the argument that, once the jury found that defendants knew or should have known of Pepe's abnormally dangerous propensities, the jury had to find that the harm plaintiff sustained resulted from those propensities. Evidence was presented that Pepe bit a man when he rode up defendants' driveway on a bicycle in 1988. This evidence supports the jury's finding that Pepe had abnormally dangerous propensities. Evidence was also presented that Kathleen stepped on Pepe. This evidence supports the jury's finding that Pepe's propensities did not cause him to bite. The jury could reasonably conclude that Pepe bit Kathleen because she stepped on him, and not because of his dangerous propensities.

provocation is a question of fact to be determined by the jury on the basis of the circumstances of each case.

Affirmed.