*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THERESA PUNINSKE,

Plaintiff-Appellant,

UNPUBLISHED
January 13, 2026
1:39 PM

v

No. 373093
Wayne Circuit Court
LC No. 23-005984-NO

DAVID M. GOLDSMITH,

Defendant-Appellee.

Before: BOONSTRA, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

In this dog-bite case, plaintiff, Theresa Puninske, appeals as of right the trial court's order granting the motion for summary disposition filed by defendant, David M. Goldsmith, under MCR 2.116(C)(10). Plaintiff alleges that defendant's dog bit her while she was standing in defendant's driveway. According to plaintiff, she pulled into defendant's driveway intending to ask him a question after she saw defendant in his garage, but by the time she got out of her car, defendant had walked into his backyard, so plaintiff walked to the front of her car and yelled to get defendant's attention. This instead caught the attention of defendant's dog, which came out from defendant's backyard and bit plaintiff. The trial court concluded that, on these facts, plaintiff was a trespasser and not covered by the implied license that generally allows individuals to enter another's property to approach a house because plaintiff had no intention of approaching defendant's front door. We hold that the trial court read the implied license to approach a house too narrowly. We therefore reverse and remand for further proceedings.

## I. BACKGROUND

This case is before this Court following a grant of summary disposition for defendant under MCR 2.116(C)(10), so the facts will be viewed in the light most favorable to plaintiff.

The parties are neighbors who live down the street from one another. Plaintiff had previously seen defendant use canopies in his backyard to host parties, and plaintiff was planning to host a party in her backyard and wanted to ask defendant where he rented his canopies. On the day of the dog bite, plaintiff was driving by defendant's house and saw defendant walking out of his garage, so she pulled into his driveway intending to ask defendant about the canopies. By the

-1-

time she got out of her car, however, defendant had gone into his backyard, so plaintiff walked around to the hood of her car and yelled "hello." Plaintiff denied walking into defendant's backyard.[1] Defendant's backyard was unfenced,[2] and in response to plaintiff's shout, defendant's dog ran out of defendant's backyard toward plaintiff. As the dog approached plaintiff, she talked to the dog and stuck out the back of her hand to allow the dog to sniff it, but the dog jumped at plaintiff and bit her breast. Defendant and his son ran after the dog from the backyard and brought the dog into the house. Plaintiff waited for defendant to come back out, then asked him about the canopies and left.

Plaintiff later brought suit against defendant, seeking to hold defendant liable under MCL 287.351 for the injuries that she suffered as a result of being bitten by defendant's dog. Following discovery, defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff could not sustain her claim under MCL 287.351 because she was not lawfully on defendant's property when she was bitten by defendant's dog. Defendant also argued that plaintiff provoked defendant's dog, which likewise barred relief under the statute. In response, plaintiff argued that she had an implied license to enter defendant's property for a customary, socially-acceptable purpose, and that she did not exceed the scope of that implied license.

Following a hearing, the court granted defendant's motion for summary disposition. The trial court reasoned that while an individual has an implied license to enter onto someone else's property and approach the front door, this was "a limited right" that did not extend to a situation like this in which plaintiff made "no attempt to approach the front door." The trial court accordingly concluded that plaintiff was not an implied licensee but a trespasser at the time of the dog bite, so she could not recover under MCL 287.351. The trial court alternatively reasoned that plaintiff startled defendant's dog, provoking it to attack, which likewise barred her from recovering under the statute.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to grant a motion for summary disposition. *Reese v James*, 348 Mich App 454, 459; 19 NW3d 386 (2023). A motion for summary disposition filed under MCR 2.116(C)(10) is properly granted if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." When considering a motion brought under this subrule, a court must consider the admissible evidence in the light most favorable to the nonmoving party. *Reese*, 348 Mich App at 459.

---

[1] Defendant testified that plaintiff did, in fact, walk into his backyard. Defendant also said that he told plaintiff to "back up" before she was bitten.

[2] Defendant explained that he has an invisible fence for the dog.

## III.  PLAINTIFF'S STATUS ON DEFENDANT'S LAND

Plaintiff first argues that the trial court erred by concluding that there was no genuine issue of material fact as to whether plaintiff had an implied license to be on defendant's driveway when she was bitten by defendant's dog.  We agree.

MCL 287.351(1) imposes liability on a dog's owner if the dog bites a person lawfully on the dog owner's property.  Subsection (2) identifies invitees and licensees on a dog owner's property as persons covered by Subsection (1).  MCL 287.351(2).  The implication of this is that trespassers "cannot maintain a statutory dog-bite claim." *Kelsey v Lint*, 322 Mich App 364, 371; 912 NW2d 862 (2017).

Plaintiff does not contend that she was an invitee on defendant's property—the parties only dispute whether plaintiff was a licensee.  A license to be on another's property can be either express or implied. *Alvin v Simpson*, 195 Mich App 418, 420; 491 NW2d 604 (1992).  A license may be implied by the "habits of the country," *Florida v Jardines*, 569 US 1, 8; 133 S Ct 1409; 185 L Ed 2d 495 (2013), or "background social norms," *People v Frederick*, 500 Mich 228, 239; 895 NW2d 541 (2017), quoting *Jardines*, 569 US at 9 (quotation marks omitted).  One such commonly-cited implied license is "the implied license to approach a house" and knock on its front door. *Frederick*, 500 Mich at 240.  See also *Kelsey*, 322 Mich App at 372 (explaining that "given the established habits in this country, there is an implied license that permits ordinary persons to enter property, approach a home, and knock").  The "proper scope" of this implied license is that which "is granted to 'solicitors, hawkers, and peddlers of all kinds.' " *Frederick*, 500 Mich at 234, quoting *Jardines*, 569 US at 8.  Determining the scope of this license "does not require fine-grained legal knowledge; it is generally managed without incident by the Nation's Girl Scouts and trick-or-treaters." *Jardines*, 569 US at 8.

When a solicitor approaches someone's front door, the obvious purpose of doing so is to make contact with the person or people living there.  That is why if a solicitor sees someone outside in front of a house, they will often stop and ask the person if they live at the house.  This type of interaction "is routine (even if sometimes unwelcome)." *Jardines*, 569 US at 9.

A reasonable juror could conclude that, when the evidence is viewed in the light most favorable to plaintiff, her conduct could be viewed as akin to that of a solicitor who sees someone outside in front of a house and stops to talk to them.  Plaintiff, while driving by defendant's house, saw defendant in his garage, so she pulled into his driveway intending to ask him a question.  When plaintiff parked, she saw that defendant had already gone into his backyard, so (by plaintiff's telling) she went to the front of her car and—standing in defendant's driveway—yelled "hello" to try to get defendant's attention.  While one could reasonably view this conduct as intrusive, we think that, considering the conduct in the light most favorable to plaintiff, there is a genuine issue of material fact whether plaintiff exceeded the scope of the implied license to approach a house and try to make contact with its occupants (which is typically achieved by approaching the front door and knocking).

To be clear, we are not concluding that, if the jury believes plaintiff's version of events, then it must conclude that she was a licensee.  To the contrary, even if a jury credits plaintiff's testimony, it could *still* conclude that she exceeded the scope of "the implied license to approach

a house." *Frederick*, 500 Mich at 240.[3] We merely hold that a jury could reasonably conclude the opposite as well. As this Court has explained, "when considering an entrant's status on the land, if there is evidence from which one could infer a particular person's status on land, then the question is one for the jury." *Kelsey*, 322 Mich App at 377 (quotation marks and citation omitted). Because we conclude that there is evidence from which a jury could reasonably infer that plaintiff had not exceeded the scope of the implied license to approach defendant's house, there is a genuine issue of material fact whether plaintiff was a licensee when she was bitten by defendant's dog, so the trial court erred by deciding this issue as a matter of law.[4] See *id.* ("[B]ecause reasonable minds could conclude that [the plaintiff] was a licensee, the trial court erred by determining that she was a trespasser as a matter of law and by concluding that [the plaintiff] was not lawfully on the property within the meaning of MCL 287.351.").

## IV. PROVOCATION

The trial court alternatively reasoned that defendant was entitled to have his motion for summary disposition granted because there was no genuine issue of material fact that plaintiff provoked defendant's dog. Plaintiff argues on appeal that this was also error. We agree.[5]

MCL 287.351(1), by its terms, only imposes liability when a dog bites someone "without provocation." "If the plaintiff provokes the dog, the dog owner is not liable for the damages that result." *Bradacs v Jiacobone*, 244 Mich App 263, 267; 625 NW2d 108 (2001).

This Court has defined "provocation" as " '[t]he act of inciting another to do a particular deed. That which arouses, moves, calls forth, causes, or occasions.' " *Brans v Extrom*, 266 Mich App 216, 219; 701 NW2d 163 (2005), quoting Black's Law Dictionary (4th ed.). See also *Koivisto v Davis*, 277 Mich App 492, 496; 745 NW2d 824 (2008) (reciting lay-dictionary definitions of "provocation" and "provoke"). This Court in *Brans* continued:

> The definition of "provocation" does not take into account the intent of the actor; rather, the definition focuses on the nature of the act itself and the relationship

---

[3] This is especially true because, by the time plaintiff tried to make contact with defendant, he had already gone into his backyard.

[4] In challenging plaintiff's status on the land on remand, defendant is free to make all the arguments to the jury that he makes to this Court—that plaintiff exceeded the scope of the implied license to approach a house because she never intended to approach defendant's front door; she parked in defendant's driveway instead of parking in the street in front of his house; the area of defendant's driveway where plaintiff parked was inappropriate under the circumstances; or any other relevant argument.

[5] Defendant asserts in passing that plaintiff waived her ability to challenge on appeal whether she provoked defendant's dog by not raising the issue in the trial court. But whether plaintiff raised this issue below is irrelevant under the circumstances. The trial court ruled that there was no genuine issue of material fact that plaintiff provoked defendant's dog, and a party need not object to a trial court's decision to challenge it on appeal. See MCR 2.517(A)(7); *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020).

-4-

between that act and an outcome. Thus, an unintentional act could constitute provocation within the plain meaning of the statute because some actions, regardless of intent, may be more than sufficient to relieve a dog owner of liability. . . . The intent of the victim is immaterial. [*Brans*, 266 Mich App at 219.]

For an act to constitute provocation, "there must be some action directed toward the animal or, if not, the animal's response must be proportional to the victim's action." *Bradacs*, 244 Mich App at 276.

Viewing the evidence in the light most favorable to plaintiff, she pulled into defendant's driveway, then got out, walked to the front of her car, and shouted towards defendant's backyard to get defendant's attention. This instead got the attention of defendant's dog, which approached plaintiff from defendant's backyard. When the dog got close, plaintiff talked to the dog and stuck out the back of her hand for the dog to sniff. The dog then bit plaintiff. On these facts, jurors could reasonably conclude that plaintiff's actions did not amount to provocation. The trial court therefore erred by deciding this issue as a matter of law. See *Brans*, 266 Mich App at 221-222 (explaining that, generally, "[t]he question of provocation is a question of fact to be determined by the jury on the basis of the circumstances of each case").

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young